**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff - Appellee,

  v.

ROBERT TRINGHAM,

        Defendant - Appellant,

  and

FINBAR SECURITIES CORP.,

        Defendant,

  v.

JUERGEN VOTTELER, third party
creditor and JERI TULIPAN, Third party,

        Movants,

ROBB EVANS & ASSOCIATES LLC,

        Receiver.

No. 10-56267

D.C. No. 2:09-cv-02325-ODW-
VBK

MEMORANDUM[*]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Robert Tringham appeals pro se from the district court's order denying his motion to release $24,200 in an ongoing equity receivership. We dismiss.

We lack jurisdiction to review the district court's order because it was not a final order under 28 U.S.C. § 1291. *See FTC v. Overseas Unlimited Agency, Inc.*, 873 F.2d 1233, 1234–35 (9th Cir. 1989) (an order issued in an equity receivership proceeding that does not "finally resolve[] the parties' rights to [the receivership] assets" is not a final order); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (an order is not appealable under the collateral order doctrine unless it resolves an issue completely separate from the merits); *SEC v. Capital Consultants LLC*, 453 F.3d 1166, 1171 (9th Cir. 2006) (per curiam) (a motion is not separate from the merits if its success will mean that "the pool of assets the receiver controls will be smaller" and "the receiver will have fewer resources to distribute to other claimants").

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

        10-56267

Contrary to Tringham's contention, the order does not qualify under 28 U.S.C. § 1292(a)(1) as an order "modifying" or "refusing . . . to modify" an injunction. *See* 28 U.S.C. § 1291(a)(1); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) ("a motion that merely seeks to relitigate the issues underlying the original preliminary injunction order" is not a motion to modify the injunction); *Thompson v. Enomoto*, 815 F.2d 1323, 1327 (9th Cir. 1987) (a motion to carry out the terms of the injunction is not a motion to modify the injunction).

The order does not qualify under 28 U.S.C. 1292(a)(2) as one "appointing a receiver[], or refusing [an] order[] to wind up a receivership[] or to take steps to accomplish the purposes thereof." *See Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 841 (9th Cir. 2009) ("We have adopted 'a policy of strict construction that has confined appeals to the three categories clearly specified in the statute'" (citation omitted)).

**DISMISSED.**